

## NUMBERS 13-10-203-CR and 13-10-204-CR

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI - EDINBURG

| | |
|---|---|
| **JUAN FRANCISCO VILLARREAL,** | **Appellant,** |
| **v.** | |
| **THE STATE OF TEXAS,** | **Appellee.** |

### On appeal from the 93rd District Court
### of Hidalgo County, Texas.

## MEMORANDUM OPINION

### Before Justices Garza, Vela, and Perkes
### Memorandum Opinion by Justice Vela

Appellant, Juan Francisco Villarreal, appeals from convictions after he pleaded guilty to two counts of driving while intoxicated, a third degree felony due to prior convictions, and was sentenced to six years in the Institutional Division of Texas Department of Criminal Justice on each count, to run concurrently. *See* TEX. PENAL CODE ANN. § 49.09(b) (Vernon Supp. 2010). He was also sentenced to 180 days'

confinement on the charge of evading arrest or detention, to run concurrently.   *See id.* §

38.04(b)(1) (B) (Vernon Supp. 2010).   Without a plea bargain, appellant pleaded guilty to

the two felony counts and the state jail felony.   The State introduced the plea documents

and the offense report for each case.   Appellant stipulated to venue and jurisdiction and

the fact that he was the same person who had previously been indicted for driving while

intoxicated as alleged.

Concluding that there are no arguable issues for this Court to review, appellant's

court appointed counsel has filed an *Anders* brief in which he reviewed the merits, or lack

thereof, of the appeals.   We affirm the trial court's judgments.

## I. COMPLIANCE WITH *ANDERS*

Pursuant to *Anders v. California*, 386 U.S. 738, 744 (1967), appellant's

court-appointed appellate counsel has filed a brief in this case, stating that he could find

no meritorious issues to bring forward for review.   Counsel's brief discusses relevant

portions of the record and the applicable law.   *See In re Schulman*, 252 S.W.3d 403, 407

n. 9 (Tex. Crim. App. 2008) (orig. proceeding) ("In Texas, an *Anders* brief need not

specifically advance 'arguable' points of error if counsel finds none, but it must provide

record references to the facts and procedural history and set out pertinent legal

authorities.") (*citing Hawkins v. State*, 112 S.W.3d 340, 343-44 (Tex. App.–Corpus Christi

2003, no pet.)); *Stafford v. State*, 813 S.W.2d 503, 510 n. 3 (Tex. Crim. App. 1991) (en

banc).

In compliance with *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel

Op.] 1978), appellant's counsel has carefully discussed why, under controlling authority,

there is no error in the trial court's judgments. Counsel certified to this Court that he forwarded a copy of his motion to withdraw and its supporting brief to appellant with a letter advising him of his right to review the record and to file a pro se response.[1] *See Anders*, 386 U.S. at 744; *Stafford*, 813 S.W.2d at 510 n. 3; *see also In re Schulman*, 252 S.W.3d at 409 n. 23. More than an adequate time has passed, and appellant has not filed a pro se response.

## II. INDEPENDENT REVIEW

Upon receiving an *Anders* brief, this Court must conduct a full examination of all the proceedings to determine whether the cases are wholly frivolous. *Penson v. Ohio*, 488 U.S. 75, 800 (1988). We have reviewed the entire record in these cases and counsel's brief, and we have found nothing that would arguably support an appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 826-28 (Tex. Crim. App. 2005) ("Due to the nature of *Anders* briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirement of Texas Rule of Appellate Procedure 47.1."); *Stafford*, 813 S.W.2d at 509. Accordingly, we affirm the judgments of the trial court.

## III. MOTION TO WITHDRAW

In accordance with *Anders*, appellant's attorney has asked this Court for permission to withdraw as counsel for appellant. *See Anders*, 386 U.S. at 744; *see also In re Schulman*, 252 S.W.3d at 408 n. 17 (*citing Jeffery v. State*, 903 S.W.2d 776, 779-80

---

[1]The Texas Court of Criminal Appeals has held that the pro se response need not comply with the rules of appellate procedure in order to be considered. Rather, the response should identify for the court those issues that the indigent appellant believes the court should consider in deciding whether the case presents any meritorious issues. *In re Schulman,* 252 S.W.3d 403, 409 n. 23 (Tex. Crim. App. 2008) (orig. proceeding) (quoting *Wilson v. State*, 955 S.W.2d 693, 696-67 (Tex. App.–Waco 1997, no pet.)).

(Tex. App.–Dallas 1995, no pet.) ("If an attorney believes the appeal is frivolous, he must withdraw from representing the appellant. To withdraw from representation, the appointed attorney must file a motion to withdraw accompanied by a brief showing the appellate court that the appeal is frivolous.") (citations omitted)). We grant counsel's motion to withdraw. Within five days of the date of this Court's opinion, counsel is ordered to send a copy of the opinion and the judgments to appellant and to advise appellant of his right to file a petition for discretionary review.[2]  *See* TEX. R. APP. P. 48.4; *see also In re Schulman*, 252 S.W.3d at 412 n. 35; *Ex parte Owens*, 206 S.W.3d 670, 673 (Tex. Crim. App. 2006).


ROSE VELA
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
17th day of March, 2011.

---

[2]No substitute counsel will be appointed. Should appellant wish to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing that was overruled by this Court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with this Court, after which it will be forwarded to the Texas Court of Criminal Appeals. *See* TEX. R. APP. P. 68.3; 68.7. Any petition for discretionary review should comply with the requirements of rule 68.4 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 68.4.